# ORIGINAL

# In the United States Court of Federal Claims

No. 14-1184C

(Filed: April 17, 2015)

**(NOT TO BE PUBLISHED)**

**FILED**

APR 1 7 2015

U.S. COURT OF
FEDERAL CLAIMS

```
*********************************
                                    )
ERIC ATKINS,                        )
                                    )
                Plaintiff,          )
                                    )
        v.                          )
                                    )
UNITED STATES,                      )
                                    )
                Defendant.          )
                                    )
*********************************
```

Eric Atkins, *pro se*, Miami, Florida.

Amelia Lister-Sobotkin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Eric Atkins, seeks relief for alleged tortious and unconstitutional acts committed by "[t]he police." *See* Compl. ¶¶ 1-4. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1, ECF No. 5. Also pending before the court is Mr. Atkins' application to proceed *in forma pauperis*. *See* Pl.'s Application to Proceed *In Forma Pauperis*, ECF No. 3.

## BACKGROUND

Mr. Atkins' complaint recites accusations against unnamed police officials and an unidentified police department. Compl. ¶¶ 1-4. Mr. Atkins has not stated the particular circumstances about the police action of which he complains, but he broadly recites that the

police "acted in an unpleasant way," "violated [his] civil rights," and engaged in "unconstitutional" conduct. Compl. ¶¶ 1-3. Mr. Atkins also attached to his complaint a letter regarding administrative claims he previously filed with the Office for Civil Rights ("OCR"), a component of the Department of Justice. *See* Compl. Attach. 1 (Letter from Michael L. Alston to Atkins (Nov. 20, 2014)).[1] In this letter, Mr. Alston notified Mr. Atkins that OCR "[did] not have jurisdiction over any of the claims [he had] made" and had "administratively closed [his] [c]omplaint." *Id.* Accordingly, Mr. Atkins appears to be seeking review of OCR's decision that it lacked jurisdiction to address his claims. *See* Compl. at 1 ("This [complaint] is to collect the following claims from the Department of Justice (OCR) . . . ."). In terms of relief, Mr. Atkins demands $250,000 in "[a]ggravated," "[e]xemplary," "[c]ivil rights," and "[p]unitive" damages. Compl. ¶¶ 1-4.

## STANDARDS FOR DECISION

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity, thus permitting a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). However, the Act itself does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To satisfy the juridical requirements of the Tucker Act, the plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) ("[T]o establish jurisdiction under the Tucker Act for a suit for money damages, 'a plaintiff must identify a separate source of substantive law that creates the right to money damages,' in other words, 'that

---

[1]The Office for Civil Rights within the Office of Justice Programs at the Department of Justice investigates complaints from individuals who allege unlawful discrimination by an agency that receives Justice Department funding. *See* Office of Justice Programs, *Frequently Asked Questions on Filing Civil Rights Complaints*, available at http://ojp.gov/about/ocr/faq_ocr.htm#complaint. OCR has the power to enforce several nondiscrimination statutes, including claims brought under the Omnibus Crime Control and Safe Streets Act of 1968, 42 U.S.C. § 3789d. Section 3789d may be related to Mr. Atkins' allegations before OCR because it "concerns discriminatory behavior of law enforcement agencies that receive funding under the United States Department of Justice, Office of Justice Programs." *Aguirre v. San Leandro Police Dep't*, No. 10-04364 CW, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011); *see also Jones v. Jones*, No. CIV.A. 2:03CV417, 2004 WL 3214457, at *4 (E.D. Va. June 15, 2004), *aff'd*, 117 Fed. Appx. 873 (4th Cir. 2004) ("In general, [Section 3789d] concerns discriminatory behavior as it pertains to law enforcement or criminal justice agencies.").

source must be 'money-mandating.'") (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

Before addressing the merits, the court "must satisfy itself that it has jurisdiction to hear and decide a case." *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)) (internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The plaintiff bears the burden of "alleg[ing] in his pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds*, 846 F.2d at 748.

## ANALYSIS

### A. *Subject Matter Jurisdiction*

As a preliminary matter, Mr. Atkins raises claims against improper parties. Although the caption of the complaint lists the United States as the sole defendant, Mr. Atkins challenges the conduct of an unidentified police department and at least one of its officers. *See* Compl. ¶¶ 1-4. This court does not have jurisdiction to hear claims against states, localities, or state and local governmental entities, officials, or employees. "[T]he *only* proper defendant for any matter before this court is the United States, not its officers nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)); *see also* 28 U.S.C. § 1491. Therefore, in the absence of any allegation against the United States, this court is not vested with jurisdiction merely because Mr. Atkins has named the United States as a defendant. *See May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997) (dismissing complaint where plaintiff did not "even *intimate* how the United States . . . was or would have been involved in the [dispute].") (emphasis in original).

Mr. Atkins also has not identified "any substantive right enforceable against the United States" that would confer jurisdiction upon this court. *See Testan*, 424 U.S. at 398. Mr. Atkins' claim for damages resulting from "unpleasant" actions of "[t]he police" appears to be a claim which sounds in tort. *See* Compl. ¶ 1. This court, however, does not possess jurisdiction to adjudicate tort claims. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from th[is court's] jurisdiction claims sounding in tort."); *see also Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 2003) (noting that the Tucker Act limits this court's jurisdiction to "cases *not* sounding in tort") (quoting 28 U.S.C. § 1491(a)(1)) (emphasis in original). Mr. Atkins further alleges that "[t]he police conduct was an unconstitutional action." Compl. ¶ 2. This claim is also jurisdictionally unavailing because it does not invoke a money-mandating constitutional provision. *See Miller v. United States*, 67 Fed. Cl. 195, 199 (2005) ("Although this court may exercise jurisdiction over claims 'founded . . . upon the Constitution,' the scope of this court's jurisdiction over constitutional claims is limited to claims arising under provisions of the Constitution that mandate the payment of money.") (citing 28 U.S.C. § 1491). Finally, Mr. Atkins charges the

3

police with violations of "[his] civil rights," Compl. ¶ 3, but it is axiomatic that civil rights violations are excluded from this court's jurisdictional purview. *See, e.g., Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) ("The court does not have jurisdiction over claims arising under the Civil Rights Act, as jurisdiction over such claims resides exclusively in the federal district courts."); *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) ("As courts have repeatedly held, there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations.").[2]

Finally, to the extent that Mr. Atkins is contesting OCR's decision, this claim also falls outside the realm of this court's jurisdiction. Under the Administrative Procedure Act ("APA"), a court may set aside an agency decision if that decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The APA on its own, however, does not confer jurisdiction, *see Califano v. Sanders*, 430 U.S. 99, 105 (1977) ("[T]he APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions."); *Union Bank & Trust Co. v. United States*, 27 Fed. Cl. 403, 404 (1992), *aff'd*, 6 F.3d 788 (Fed. Cir. 1993), and it particularly does not provide for monetary relief, *compare Johnson v. United States*, 105 Fed. Cl. 85, 91-92 (2012) (stating that "the APA does not authorize an award of money damages at all; to the contrary, [S]ection 10(a) of the APA, 5 U.S.C. § 702, specifically limits the Act to actions seeking relief other than money damages.") (quoting *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006)) (internal quotation marks omitted) (alteration in original), *and Synernet Corp. v. United States*, 41 Fed. Cl. 375, 382 (1998), *aff'd*, 215 F.3d 1348 (Fed. Cir. 1999) (citing cases), *with Rollock Co. v. United States*, 115 Fed. Cl. 317, 329 (2014) (determining that it had subject matter jurisdiction over plaintiffs' claims brought under the Contract Disputes Act and the Tucker Act, where the claim under the Tucker Act sought review of a decision by the National Park Service denying moving expenses potentially available under agreements executed pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act, 42 U.S.C. §§ 4601-55). Hence, the APA does not provide the court with juridical power to hear the merits of Mr. Atkins' claims.[3]

### B. *Possibility of Transfer*

Mr. Atkins has not requested that the court transfer his case to a district court. Nonetheless, the court will consider the possibility of a transfer because Mr. Atkins is proceeding *pro se*. *See Pleasant-Bey v. United States*, 99 Fed. Cl. 363, 368 (2011). While dismissal is generally required as a matter of law if a court lacks jurisdiction to decide the merits of a case,

---

[2]Mr. Atkins requests punitive damages as "punishment for the police officer and the police department." Compl. ¶ 4. Even if the court had jurisdiction over Mr. Atkins' claims, it would lack the power to award punitive damages. *See Trevino v. United States*, 113 Fed. Cl. 204, 209-10 (2013), *aff'd*, 557 Fed. Appx. 995 (Fed. Cir. 2014).

[3]Section 3789d authorizes an aggrieved person to institute a civil action after exhaustion of administrative remedies, but such an action may only be filed "in an appropriate United States district court or in a State court of general jurisdiction." 42 U.S.C. § 3789d(c)(4)(A). *See Sims v. Montgomery Cnty. Comm'n*, 873 F. Supp. 585, 608-09 (M.D. Ala. 1994). This court is not encompassed within the jurisdictional grant of Subparagraph 3789d(c)(4)(A).

4

see *Johnson*, 105 Fed. Cl. at 91, in limited instances, the court may transfer the action to a federal court that would have jurisdiction, *see Gray v. United States*, 69 Fed. Cl. 95, 98 (2005). Pursuant to 28 U.S.C. § 1631, transfer of a case is appropriate if "(1) the transferor court lacks jurisdiction; (2) the action could have been brought in the transferee court at the time it was filed; and (3) transfer is in the interest of justice." *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819 (1988); *Sodexho Marriott Mgmt., Inc. v. United States*, 61 Fed. Cl. 229, 241 (2004).

As the government correctly notes, "it is not in the interest of justice to transfer Mr. Atkins' case to another court because . . . [his] complaint is facially insufficient." Def.'s Mot. at 7; *see also Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits.") (citing *Zinger Constr. Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)); *Faulkner v. United States*, 43 Fed. Cl. 54, 56 (1999) ("If such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits,' the deciding court may decline to transfer the case and dismiss it.") (quoting *Siegal v. United States*, 38 Fed. Cl. 386, 390-91 (1997)). Mr. Atkins' claims are devoid of any factual support; he has merely offered "naked assertions" of wrongdoing by police which do not form a basis for relief. As a result, no district court could exercise jurisdiction over his claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a complaint "does not require 'detailed factual allegations,'" but must put forward more than "'naked assertion[s]' devoid of 'further factual enhancement,'" or "the-defendant-unlawfully-harmed-me-accusation[s].") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).[4]

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. Atkins' complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The clerk shall enter judgment in accord with this disposition.[5]

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[4]Because Mr. Atkins has failed to identify the police department or the police officers involved in the alleged improper acts or provide the location of where such conduct occurred, no cogent determination on where to transfer the case is even possible.

[5]Mr. Atkins' application for leave to proceed *in forma pauperis* is GRANTED.